# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

THE PACID GROUP, LLC

Plaintiff,

v.

(1)     CISCO SYSTEMS, INC.;
(2)     CISCO-LINKSYS, LLC;
(3)     CISCO TECHNOLOGY, INC.;
(4)     SCIENTIFIC-ATLANTA, LLC;
(5)     D-LINK CORPORATION;
(6)     D-LINK SYSTEMS, INCORPORATED;
(7)     NETGEAR, INC.;
(8)     BELKIN INTERNATIONAL, INC.;
(9)     SIEMENS AKTIENGESELLSCHAFT;
(10)   SIEMENS ENTERPRISE
       COMMUNICATIONS GMBH & CO. KG;
(11)   SIEMENS ENTERPRISE
       COMMUNICATIONS, INC.;
(12)   ENTERASYS NETWORKS, INC.;
(13)   SIEMENS CORPORATION;
(14)   SIEMENS COMMUNICATIONS, INC.;
(15)   CHANTRY NETWORKS CORP.;
(16)   JUNIPER NETWORKS, INC.;
(17)   JUNIPER NETWORKS (US), INC.;
(18)   ZYXEL COMMUNICATIONS
       CORPORATION;
(19)   ZYXEL COMMUNICATIONS, INC.;
(20)   ALCATEL-LUCENT;
(21)   ALCATEL BUSINESS SYSTEMS;
(22)   ALCATEL-LUCENT HOLDINGS INC.;
(23)   ALCATEL USA GP, INC.;
(24)   ALCATEL USA MARKETING, INC.;
(25)   ALCATEL USA RESOURCES, INC.;
(26)   ALCATEL USA SOURCING, INC.;
(27)   ARUBA NETWORKS, INC.;
(28)   TEXAS INSTRUMENTS
       INCORPORATED;
(29)   RALINK TECHNOLOGY CORP.;
(30)   RALINK TECHNOLOGY
       CORPORATION; and
(31)   QUALCOMM INCORPORATED

Defendants.

**Civil Action No. 6:09-cv-00324**

JURY TRIAL DEMANDED

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff, The PACid Group, LLC, complains against the Defendants Cisco Systems, Inc.; Cisco-Linksys, LLC; Cisco Technology, Inc.; Scientific-Atlanta, LLC; D-Link Corporation; D-Link Systems, Incorporated; NETGEAR, Inc.; Belkin International, Inc.; Siemens Aktiengesellschaft; Siemens Enterprise Communications GmbH & Co. KG; Siemens Enterprise Communications, Inc.; Enterasys Networks, Inc.; Siemens Corporation; Siemens Communications, Inc.; Chantry Networks Corp.; Juniper Networks, Inc.; Juniper Networks (US), Inc.; ZyXEL Communications Corporation; ZyXEL Communications, Inc.; Alcatel-Lucent; Alcatel Business Systems; Alcatel-Lucent Holdings Inc.; Alcatel USA GP, Inc.; Alcatel USA Marketing, Inc.; Alcatel USA Resources, Inc.; Alcatel USA Sourcing, Inc.; Aruba Networks, Inc.; Texas Instruments Incorporated; Ralink Technology Corp.; Ralink Technology Corporation; and QUALCOMM Incorporated (collectively the "Defendants"), as follows:

**PARTIES**

1.      The PACid Group, LLC ("PACid") is a Texas limited liability company with its principal place of business at Energy Center, 719 West Front Street, Suite 174, Tyler, Texas 75702-7965.

2.      On information and belief, Defendant Cisco Systems, Inc. ("Cisco Systems") is a California corporation with its principal place of business at 170 West Tasman Dr., Building 10, San Jose, CA 95134-1706.  This Defendant has appointed CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833 as its agent for service of process.

3.      On information and belief, Defendant Cisco-Linksys, LLC ("Cisco-Linksys") is a California limited liability company with its principal place of business at 170 West Tasman Dr.,

Building 10, San Jose, CA 95134-1706.   This Defendant has appointed CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833 as its agent for service of process.

4.      On information and belief, Defendant Cisco Technology, Inc. ("Cisco Technology") is a California corporation with its principal place of business at 170 West Tasman Dr., San Jose, CA 95134.   This Defendant has appointed CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833 as its agent for service of process.

5.      On information and belief, Defendant Scientific-Atlanta, LLC ("Scientific-Atlanta") is a Georgia limited liability company with its principal place of business at 5030 Sugarloaf Pkwy., Lawrenceville, GA 30044.   This Defendant has appointed Corporation Service Company, 40 Technology Pkwy South #300, Norcross GA 30092 as its agent for service of process.

6.      On information and belief, Defendant D-Link Corporation ("D-Link Corp.") is a Taiwan corporation with its principal place of business at 4F, No. 289 Sinhu 3rd Rd., Neihu District, Taipei, Taiwan.   On information and belief, this Defendant may be served at 4F, No. 289 Sinhu 3rd Rd., Neihu District, Taipei, Taiwan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

7.      On information and belief, Defendant D-Link Systems, Incorporated ("D-Link Systems") is a California corporation with its principal place of business at 17595 Mt. Herman Street, Fountain Valley, CA 92708.   This Defendant has appointed Mancy Lemm, 17595 Mt. Herman Street, Fountain Valley, CA 92708 as its agent for service of process.

8.      On information and belief, Defendant NETGEAR, Inc. ("NETGEAR") is a Delaware corporation with its principal place of business at 350 East Plumeria Drive, San Jose,

CA 95134-1911.  This Defendant has appointed Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, DE 19901 as its agent for service of process.

9.      On information and belief, Defendant Belkin International, Inc. ("Belkin") is a Delaware corporation with its principal place of business at 501 W. Walnut Street, Compton, CA 90220.  This Defendant has appointed National Registered Agents, Inc., 160 Greentree Dr., Suite 101, Dover, DE 19904 as its agent for service of process.

10.      On information and belief, Defendant Siemens Aktiengesellschaft ("Siemens AG") is a Germany corporation with its principal place of business at Wittelsbacherplatz 2, D-80333 Munich, Germany.   On information and belief, this Defendant may be served at Wittelsbacherplatz 2, D-80333 Munich, Germany via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

11.      On information and belief, Defendant Siemens Enterprise Communications GmbH & Co. KG ("Siemens Enterprise GmbH") is a Germany corporation with its principal place of business at Hofmannstr. 51, D-81379 Munich, Germany.   On information and belief, this Defendant may be served at Hofmannstr. 51, D-81379 Munich, Germany via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

12.      On information and belief, Defendant Siemens Enterprise Communications, Inc. ("Siemens Enterprise") is a Delaware corporation with its principal place of business at 1001 Yamato Road, Boca Raton, FL 33431.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

13.     On information and belief, Defendant Enterasys Networks, Inc. ("Enterasys") is a Delaware corporation with its principal place of business at 50 Minuteman Rd., Andover, MA 01810.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

14.     On information and belief, Defendant Siemens Corporation ("Siemens Corp.") is a Delaware corporation with its principal place of business at 153 E. 53rd Street, 56th Floor, New York, NY 10022-4611.  This Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

15.     On information and belief, Defendant Siemens Communications, Inc. ("Siemens Communications") is a Delaware corporation with its principal place of business at 1001 Yamato Road, Boca Raton, FL 33431-4403.  This Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

16.     On information and belief, Defendant Chantry Networks Corp. ("Chantry") is a Delaware corporation with its principal place of business at 200 West Street, Suite 1, Waltham, MA 02451.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

17.     On information and belief, Defendant Juniper Networks, Inc. ("Juniper") is a Delaware corporation with its principal place of business at 1194 North Mathilda Ave., Sunnyvale, CA 94089.  This Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

18.     On information and belief, Defendant Juniper Networks (US), Inc. ("Juniper US") is a California corporation with its principal place of business at 1194 North Mathilda Ave., Sunnyvale, CA 94089.  This Defendant has appointed Mitchell L. Gaynor, 1194 North Mathilda Ave., Sunnyvale, CA 94089 as its agent for service of process.

19.     On information and belief, Defendant ZyXEL Communications Corporation ("ZyXEL Corp.") is a Taiwan corporation with its principal place of business at No. 6, Innovation Rd., II Science Park, Hsinchu, 300, Taiwan.   On information and belief, this Defendant may be served at No. 6, Innovation Rd., II Science Park, Hsinchu, 300, Taiwan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

20.     On information and belief, Defendant ZyXEL Communications, Inc. ("ZyXEL US") is a California corporation with its principal place of business at 1130 North Miller Street, Anaheim, CA 92806-2001.  This Defendant has appointed Jeremy Chou, 1130 North Miller Street, Anaheim, CA 92806-2001 as its agent for service of process.

21.     On information and belief, Defendant Alcatel-Lucent ("Alcatel-Lucent") is a France corporation with its principal place of business at 54 Rue La Boetie, 75008 Paris, France. On information and belief, this Defendant may be served at 54 Rue La Boetie, 75008 Paris, France via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

22.     On information and belief, Defendant Alcatel Business Systems ("Alcatel Business") is a France corporation with its principal place of business at 32, Avenue Kleber, 92707, Colombes, France.  On information and belief, this Defendant may be served at 32,

Avenue Kleber, 92707, Colombes, France via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

23.     On information and belief, Defendant Alcatel-Lucent Holdings Inc. ("Alcatel Holdings") is a Delaware corporation with its principal place of business at 3400 W. Plano Pkwy., Plano, Texas 75075.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

24.     On information and belief, Defendant Alcatel USA GP, Inc. ("Alcatel USA") is a Delaware corporation with its principal place of business at 3400 W. Plano Pkwy., Plano, Texas 75075.   On information and belief, this Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

25.     On information and belief, Defendant Alcatel USA Marketing, Inc. ("Alcatel Marketing") is a Delaware corporation with its principal place of business at 3400 W. Plano Pkwy., Plano, Texas 75075.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

26.     On information and belief, Defendant Alcatel USA Resources, Inc. ("Alcatel Resources") is a Delaware corporation with its principal place of business at 3400 W. Plano Pkwy., Plano, Texas 75075.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

27.     On information and belief, Defendant Alcatel USA Sourcing, Inc. ("Alcatel Sourcing") is a Delaware corporation with its principal place of business at 3400 W. Plano Pkwy., Plano, Texas 75075.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

28.     On information and belief, Defendant Aruba Networks, Inc. ("Aruba") is a Delaware corporation with its principal place of business at 1344 Crossman Ave., Sunnyvale, CA 94089-1113.  This Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

29.     On information and belief, Defendant Texas Instruments Incorporated ("TI") is a Delaware corporation with its principal place of business at 12500 TI Boulevard, Dallas, TX 75266-4136.  This Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801as its agent for service of process.

30.     On information and belief, Defendant Ralink Technology Corp. ("Ralink") is a Taiwan corporation with its principal place of business at 4F, No. 2, Technology 5th Rd., Hsin Chu Science-Based Ind Park, 30078 Hsinchu City, Taiwan.  On information and belief, this Defendant may be served at 4F, No. 2, Technology 5th Rd., Hsin Chu Science-Based Ind Park, 30078 Hsinchu City, Taiwan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

31.     On information and belief, Defendant Ralink Technology Corporation ("Ralink US") is a California corporation with its principal place of business at 20833 Stevens Creek Blvd., Suite 200, Cupertino, CA 95014-2214.  This Defendant has appointed Lo Chungwen Dennis, 20833 Stevens Creek Blvd., Suite 200, Cupertino, CA 95014 as its agent for service of process.

32.     On information and belief, Defendant QUALCOMM Incorporated ("QUALCOMM") is a Delaware corporation with its principal place of business at 5775 Morehouse Drive, San Diego, CA 92121.  This Defendant has appointed The Prentice-Hall

Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

## JURISDICTION AND VENUE

33.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

34.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

35.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,963,646

36.     PACid is the owner by assignment of United States Patent No. 5,963,646 ("the '646 Patent") entitled "Secure Deterministic Encryption Key Generator System and Method." The '646 Patent issued on October 5, 1999.  A true and correct copy of the '646 Patent is attached as Exhibit A.

37.     Guy Fielder and Paul Alito are the named inventors on the '646 Patent.

38.     Upon information and belief, Defendant Cisco Systems has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Cisco Systems products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Cisco Systems products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Cisco Systems.  Defendant Cisco Systems is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

39.     Upon information and belief, Defendant Cisco-Linksys has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Cisco-Linksys products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Cisco-Linksys products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and

decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Cisco-Linksys.  Defendant Cisco-Linksys is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

40.    Upon information and belief, Defendant Cisco Technology has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Cisco Technology products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Cisco Technology products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Cisco Technology.  Defendant Cisco Technology is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

41.    Upon information and belief, Defendant Scientific-Atlanta has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Scientific-Atlanta products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Scientific-Atlanta products include program instructions

executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Scientific-Atlanta. Defendant Scientific-Atlanta is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

42.     Upon information and belief, Defendant D-Link Corp. has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain D-Link Corp. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain D-Link Corp. products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant D-Link Corp. Defendant D-Link Corp. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

43.     Upon information and belief, Defendant D-Link Systems has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or

offering to sell certain D-Link Systems products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain D-Link Systems products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant D-Link Systems. Defendant D-Link Systems is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

44.     Upon information and belief, Defendant NETGEAR has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain NETGEAR products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain NETGEAR products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant NETGEAR. Defendant NETGEAR is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

45.     Upon information and belief, Defendant Belkin has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Belkin products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Belkin products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Belkin.  Defendant Belkin is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

46.     Upon information and belief, Defendant Siemens AG has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Siemens AG products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Siemens AG products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data

transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Siemens AG.  Defendant Siemens AG is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

47.     Upon information and belief, Defendant Siemens Enterprise GmbH has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Siemens Enterprise GmbH products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Siemens Enterprise GmbH products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Siemens Enterprise GmbH.  Defendant Siemens Enterprise GmbH is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

48.     Upon information and belief, Defendant Siemens Enterprise has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Siemens Enterprise products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the

injury of PACid.  For example, certain Siemens Enterprise products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Siemens Enterprise.  Defendant Siemens Enterprise is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

49.     Upon information and belief, Defendant Enterasys has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Enterasys products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Enterasys products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Enterasys.  Defendant Enterasys is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

50.     Upon information and belief, Defendant Siemens Corp. has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district,

and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Siemens Corp. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Siemens Corp. products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Siemens Corp. Defendant Siemens Corp. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

51. Upon information and belief, Defendant Siemens Communications has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Siemens Communications products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Siemens Communications products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Siemens

Communications.  Defendant Siemens Communications is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

52.    Upon information and belief, Defendant Chantry has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Chantry products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Chantry products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Chantry.  Defendant Chantry is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

53.    Upon information and belief, Defendant Juniper has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Juniper products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Juniper products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure

hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Juniper.  Defendant Juniper is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

54.     Upon information and belief, Defendant Juniper US has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Juniper US products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Juniper US products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Juniper US.  Defendant Juniper US is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

55.     Upon information and belief, Defendant ZyXEL Corp. has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ZyXEL Corp. products employing methods for generating pseudo-

random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain ZyXEL Corp. products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ZyXEL Corp. Defendant ZyXEL Corp. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

56.     Upon information and belief, Defendant ZyXEL US has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ZyXEL US products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain ZyXEL US products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ZyXEL US. Defendant ZyXEL US is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

57.     Upon information and belief, Defendant Alcatel-Lucent has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or

contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel-Lucent products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Alcatel-Lucent products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Alcatel-Lucent. Defendant Alcatel-Lucent is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

58. Upon information and belief, Defendant Alcatel Business has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel Business products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Alcatel Business products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made,

used, sold and/or offered for sale by Defendant Alcatel Business.  Defendant Alcatel Business is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

59.      Upon information and belief, Defendant Alcatel Holdings has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel Holdings products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Alcatel Holdings products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Alcatel Holdings.  Defendant Alcatel Holdings is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

60.      Upon information and belief, Defendant Alcatel USA has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel USA products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Alcatel USA products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and

performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Alcatel USA.  Defendant Alcatel USA is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

61.     Upon information and belief, Defendant Alcatel Marketing has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel Marketing products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Alcatel Marketing products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Alcatel Marketing.  Defendant Alcatel Marketing is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

62.     Upon information and belief, Defendant Alcatel Resources has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel Resources products employing methods for generating pseudo-

random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Alcatel Resources products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Alcatel Resources. Defendant Alcatel Resources is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

63. Upon information and belief, Defendant Alcatel Sourcing has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel Sourcing products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Alcatel Sourcing products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Alcatel Sourcing. Defendant Alcatel Sourcing is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

64. Upon information and belief, Defendant Aruba has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing

to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Aruba products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Aruba products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Aruba.  Defendant Aruba is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

65.     Upon information and belief, Defendant TI has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain TI products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain TI products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by

Defendant TI.  Defendant TI is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

66.     Upon information and belief, Defendant Ralink has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ralink products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Ralink products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ralink.  Defendant Ralink is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

67.     Upon information and belief, Defendant Ralink US has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ralink US products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Ralink US products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and

performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ralink US. Defendant Ralink US is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

68.     Upon information and belief, Defendant QUALCOMM has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain QUALCOMM products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain QUALCOMM products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant QUALCOMM. Defendant QUALCOMM is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,049,612

69.     PACid is the owner by assignment of United States Patent No. 6,049,612 ("the '612 Patent") entitled "File Encryption Method and System." The '612 Patent issued on April 11, 2000. A true and correct copy of the '612 Patent is attached as Exhibit B.

70.     Guy Fielder and Paul Alito are the named inventors on the '612 Patent.

71.     Upon information and belief, Defendant Cisco Systems has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Cisco Systems products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Cisco Systems products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Cisco Systems.  Defendant Cisco Systems is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

72.     Upon information and belief, Defendant Cisco-Linksys has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Cisco-Linksys products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Cisco-Linksys products include program instructions executable to

generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Cisco-Linksys.  Defendant Cisco-Linksys is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

73.    Upon information and belief, Defendant Cisco Technology has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Cisco Technology products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Cisco Technology products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Cisco Technology.  Defendant Cisco Technology is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

74.     Upon information and belief, Defendant Scientific-Atlanta has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Scientific-Atlanta products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.   For example, certain Scientific-Atlanta products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.   The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Scientific-Atlanta.   Defendant Scientific-Atlanta is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

75.     Upon information and belief, Defendant D-Link Corp. has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain D-Link Corp. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.   For example, certain D-Link Corp. products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a

secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant D-Link Corp. Defendant D-Link Corp. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

76.     Upon information and belief, Defendant D-Link Systems has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain D-Link Systems products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain D-Link Systems products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant D-Link Systems. Defendant D-Link Systems is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

77.     Upon information and belief, Defendant NETGEAR has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain NETGEAR products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain NETGEAR products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant NETGEAR.  Defendant NETGEAR is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

78.     Upon information and belief, Defendant Belkin has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Belkin products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Belkin products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and

performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Belkin.  Defendant Belkin is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

79.     Upon information and belief, Defendant Siemens AG has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Siemens AG products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Siemens AG products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Siemens AG.  Defendant Siemens AG is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

80.     Upon information and belief, Defendant Siemens Enterprise GmbH has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement

and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Siemens Enterprise GmbH products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Siemens Enterprise GmbH products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Siemens Enterprise GmbH.  Defendant Siemens Enterprise GmbH is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

81.    Upon information and belief, Defendant Siemens Enterprise has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Siemens Enterprise products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Siemens Enterprise products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is

extracted.   The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Siemens Enterprise.   Defendant Siemens Enterprise is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

82.   Upon information and belief, Defendant Enterasys has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Enterasys products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.   For example, certain Enterasys products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.   The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Enterasys.   Defendant Enterasys is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

83.   Upon information and belief, Defendant Siemens Corp. has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district,

and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Siemens Corp. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Siemens Corp. products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Siemens Corp. Defendant Siemens Corp. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

84.    Upon information and belief, Defendant Siemens Communications has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Siemens Communications products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Siemens Communications products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt

information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Siemens Communications. Defendant Siemens Communications is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

85. Upon information and belief, Defendant Chantry has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Chantry products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Chantry products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Chantry. Defendant Chantry is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

86. Upon information and belief, Defendant Juniper has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell

certain Juniper products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Juniper products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Juniper.  Defendant Juniper is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

87.    Upon information and belief, Defendant Juniper US has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Juniper US products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Juniper US products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for

sale by Defendant Juniper US. Defendant Juniper US is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

88. Upon information and belief, Defendant ZyXEL Corp. has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ZyXEL Corp. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain ZyXEL Corp. products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ZyXEL Corp. Defendant ZyXEL Corp. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

89. Upon information and belief, Defendant ZyXEL US has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ZyXEL US products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of

PACid.  For example, certain ZyXEL US products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ZyXEL US.  Defendant ZyXEL US is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

90.     Upon information and belief, Defendant Alcatel-Lucent has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel-Lucent products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Alcatel-Lucent products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for

sale by Defendant Alcatel-Lucent.  Defendant Alcatel-Lucent is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

91.    Upon information and belief, Defendant Alcatel Business has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel Business products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Alcatel Business products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Alcatel Business.  Defendant Alcatel Business is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

92.    Upon information and belief, Defendant Alcatel Holdings has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel Holdings products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of

PACid.  For example, certain Alcatel Holdings products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Alcatel Holdings.  Defendant Alcatel Holdings is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

93.    Upon information and belief, Defendant Alcatel USA has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel USA products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Alcatel USA products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for

sale by Defendant Alcatel USA. Defendant Alcatel USA is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

94.     Upon information and belief, Defendant Alcatel Marketing has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel Marketing products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Alcatel Marketing products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Alcatel Marketing. Defendant Alcatel Marketing is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

95.     Upon information and belief, Defendant Alcatel Resources has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel Resources products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of

PACid.  For example, certain Alcatel Resources products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Alcatel Resources.  Defendant Alcatel Resources is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

96.     Upon information and belief, Defendant Alcatel Sourcing has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Alcatel Sourcing products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Alcatel Sourcing products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for

sale by Defendant Alcatel Sourcing. Defendant Alcatel Sourcing is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

97.     Upon information and belief, Defendant Aruba has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Aruba products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Aruba products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Aruba. Defendant Aruba is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

98.     Upon information and belief, Defendant TI has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain TI products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain TI products include program instructions executable to generate encryption keys and encrypt

information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant TI.  Defendant TI is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

99.      Upon information and belief, Defendant Ralink has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ralink products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Ralink products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ralink.  Defendant Ralink is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

100.      Upon information and belief, Defendant Ralink US has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or

contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ralink US products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Ralink US products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ralink US.  Defendant Ralink US is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

101.    Upon information and belief, Defendant QUALCOMM has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain QUALCOMM products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain QUALCOMM products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable

program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant QUALCOMM.  Defendant QUALCOMM is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

102.    On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '646 and/or '612 Patents complied with any such requirements.

103.    To the extent that facts learned in discovery show that Defendants' infringement of the '646 and/or '612 Patents is or has been willful, PACid reserves the right to request such a finding at time of trial.

104.    As a result of these Defendants' infringement of the '646 and/or '612 Patents, PACid has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

105.    Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '646 and/or '612 Patents, PACid will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, PACid respectfully requests that this Court enter:

1.    A judgment in favor of PACid that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '646 and/or '612 Patents, and that such infringement was willful;

2.      A judgment and order requiring Defendants to pay PACid its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '646 and/or '612 Patents as provided under 35 U.S.C. § 284;

3.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '646 and/or '612 Patents;

4.      A judgment and order requiring Defendants to pay PACid its damages, enhanced damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '646 and/or '612 Patents;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to PACid its reasonable attorneys' fees; and

6.      Any and all other relief to which PACid may show itself to be entitled.

## DEMAND FOR JURY TRIAL

PACid, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


Dated: July 21, 2009                          Respectfully submitted,


                                              By: /s/ Marc A. Fenster
                                              Marc A. Fenster, CA Bar No. 181067
                                              RUSS, AUGUST & KABAT
                                              12424 Wilshire Boulevard, 12th Floor
                                              Los Angeles, California 90025
                                              Telephone: 310/826-7474
                                              Facsimile: 310/826-6991
                                              E-mail: mfenster@raklaw.com

Andrew W. Spangler– LEAD COUNSEL
TX Bar No. 24041960
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone:  903/753-9300
Facsimile:  903/553-0403
spangler@spanglerlawpc.com

**Attorneys for Plaintiff**
**THE PACID GROUP, LLC**